## Case No. 16,533.

### UNITED STATES v. TORGE.

[15 Int. Rev. Rec. 11.]

District Court, N. D. New York.   Aug., 1871.

INTERNAL REVENUE LAWS—VIOLATION BY BREWER —REMOVAL OF BEER—INTENT.

[The criminal liability of a brewer under the internal revenue act, for selling beer, and allowing its removal from his brewery without affixing the proper stamps, is not dependent on his actual intent to defraud.]

HALL, District Judge (charging jury). This is an indictment framed under one of the provisions of the internal revenue law, and one which provides very stringent measures for the purpose of enforcing the collection of the duty upon fermented spirits or beer. The defendant [Luis Torge] is charged with the offence of selling and allowing to be removed from his brewery certain casks containing beer or fermented spirits without affixing upon them the stamps required by law. In other words, the defendant is indicted for not paying the duty which was due to the government upon the sale or removal of the beer. The statute in this case, gentlemen, does not require that there should be any intention to defraud; the object and intention of congress evidently was that in all cases the duties should be paid by the affixing of these stamps before the fermented spirits were allowed to be removed from the brewery; that the payment of the tax should not be left to any casualty or chance, but that in every instance the duty should be paid before the removal.

The only question which you are called upon to consider is whether or not the United States has made out the fact which necessarily constitutes guilt under this count in the indictment. If the evidence proves conclusively to you that the defendant allowed this beer to be removed from his brewery without having affixed upon the casks the proper stamps, then in my judgment it is your duty to find a verdict of guilty in this case. If you are not satisfied of the fact, of course your verdict will be for the defendant. There is no question of intention to defraud. He should know of the removal of the property; it should not be taken from his brewery by force, but should be taken by his consent; and having been taken with his consent, and with the knowledge that no stamps were affixed, a case is made out against the defendant.

It has been said that these provisions are very stringent and severe. It is doubtless true that they are so in many instances; and in some instances it seems to me as an individual (although I have no right to give an opinion as a judge) that they are unnecessarily severe; but that is not a question for you or me. We are bound to administer the law as we find it, leaving the responsibility of its severity with those who have framed the law. We must carry it out in good faith, in the exercise of such discretion as the law gives, and the consequences must be upon those who have been guilty of the offence, and those who have provided the law for its punishment.

## Case No. 16,533a.

### UNITED STATES v. TOWN-MAKER.

[Hempst. 299.] [1]

District Court, Territory of Arkansas.   Feb., 1836.

HOMICIDE—INSUFFICIENT INDICTMENT—REMAND OF ACCUSED.

Indictment adjudged bad; but prisoner remanded to custody on proof before the court of the commission of homicide.

Indictment for murder.
Before JOHNSON, CROSS, and YELL, JJ.

OPINION OF THE COURT. It is considered by the court that the indictment in this case, and the matters and things therein contained, are not sufficient in law for the plaintiffs to have and maintain this prosecution against the defendant, nor is he bound by the laws of the land to answer thereto; and therefore said defendant by his counsel moved for his discharge from custody, which motion was opposed by Samuel C. Roane, district attorney of the United States, on the ground that he was ready to produce evidence before the court that the defendant had committed the crime of murder. And thereupon the court overruled the motion of the defendant for his discharge from custody, and the district attorney introduced a witness, who proved that the defendant had been guilty of the homicide of a citizen of the United States, in the district of country occupied by the Osage Nation of Indians, and therefore, upon motion of the district attorney, it was ordered by the court that the defendant be remanded to the custody of the marshal, to be imprisoned until he shall be discharged according to law.

YELL, J., dissented from this order.